UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV12 3575**

-------------------------------------------------------------X Case No.

ROSEMARY RADICCHI,

                                  Plaintiff,

                                                **COMPLAINT**

       -against-            **SUMMONS ISSUED**
                                **GLASSER. J.**

                                **REYES, M.J**

CACH, LLC.,

                                  Defendant.

-------------------------------------------------------------X

        Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

### INTRODUCTION

        1.    This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices. This action is also brought pursuant to New York General Business Law ("NYGBL") §349 regarding defendant's deceptive acts and practices.

### PARTIES

        2.    Plaintiff is a natural person who resides in this District and is a consumer as defined by the FDCPA, §1692a(3).

—1—

3. Defendant is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6). Upon information and belief, defendant is a foreign limited liability company incorporated in Colorado. Defendant purchases defaulted consumer debt and, either itself or through others, seeks to collect on said debt.

## JURISDICTION AND VENUE

4. This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §1331 and supplemental jurisdiction exists over the NYGBL §349 claims pursuant to 28 U.S.C. §1367.

## FACTUAL ALLEGATIONS

5. That plaintiff re-alleges paragraphs 1-4 as if fully re-stated herein.

6. That plaintiff is alleged to owe a defaulted debt incurred for personal purposes to GE Money Bank/ The Gap.

7. That GE Money Bank/ The Gap hired various debt collectors for the purpose of collecting said debt from plaintiff.

8. That two such debt collectors were NCO Financial Systems, Inc. ("NCO") and the law firm of Rubin & Rothman, LLC.

9. That by letters dated February 8, 2010 and March 2, 2010, NCO and Rubin & Rothman, respectively, wrote to plaintiff in an attempt to collect the debt.

10. That plaintiff conferred with her attorneys at Fagenson & Puglisi concerning these attempts to collect the debt from her.

11. That by separate letters both dated May 20, 2010, Concetta Puglisi, Esq. of Fagenson & Puglisi wrote to NCO and Rubin & Rothman informing NCO and Rubin & Rothman that Fagenson & Puglisi represents plaintiff, that plaintiff was disputing the debt and that plaintiff should not be contacted directly.

12. That said letters also requested documentation supporting the claims of GE Money Bank/The Gap.

13. That at some point in time best within the knowledge of defendant, defendant alleges that it purchased the debt from GE Money Bank/ The Gap.

14. That by letter dated April 17, 2012, the law firm of Daniels Norelli Scully & Cecere, P.C. ("Daniels Norelli") wrote to plaintiff in an attempt to collect the said debt.

15. That said letter was sent on behalf of defendant.

16. That said letter was sent directly to plaintiff at her home.

AS AND FOR A FIRST CAUSE OF ACTION

FDCPA, §§1692c(a)(2), 1692e and 1692e(10)

17. That plaintiff re-alleges paragraphs 1-16 as if fully re-stated herein.

18. That, on information and belief, upon defendant's purchase of the debt, GE Money Bank/The Gap informed defendant that plaintiff was represented by counsel, and therefore defendant well knew that plaintiff was represented by counsel in the matter of the collection of the debt before defendant hired Daniels Norelli to collect the debt.

19. That defendant failed to inform Daniels Norelli that plaintiff was represented by an attorney in the matter.

20. That as a result of defendant's said failure to inform Daniels Norelli of Fagenson & Puglisi's representation of plaintiff, defendant caused Daniels Norelli to make direct contact with plaintiff at her home by sending the said April 17, 2012 letter.

21. That defendant made the improper contact with plaintiff through its agent Daniels Norelli.

22. That said April 17, 2012 letter to plaintiff constitutes a violation of the FDCPA, §1692c(a)(2).

23. That defendant is further in violation of the FDCPA, §§1692e and 1692e(10) in that defendant's conduct in contacting plaintiff through its agent after knowledge of attorney representation constitutes a deceptive and misleading means used in an attempt to collect the debt.

## AS AND FOR A SECOND CAUSE OF ACTION

### NYGBL §349

24. That plaintiff re-alleges paragraphs 1 to 23 as if fully re-stated herein.

25. That each of the deceptive and misleading acts and practices above-mentioned was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL §349.

26. That defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons. On information and belief, defendant contacts

thousands of consumers within New York State each year by mail, either by itself or through its agents.

27. That defendant has a pattern of mailing or causing to be mailed collection letters directly to thousands of consumers within New York State each year knowing that said consumers are represented by an attorney in connection with the debt it seeks to collect.

28. That plaintiff is a reasonable consumer within the meaning of the NYGBL.

29. That plaintiff suffered emotional distress, anxiety, harassment and abuse upon receiving the April 17, 2012 letter, even after defendant was informed that she was represented by an attorney.

30. That defendant violated NYGBL §349(a) and is liable to plaintiff under NYGBL §349(h).

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) enjoining defendant from further direct contact with plaintiff pursuant to NYGBL §349.

(b) statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(c) statutory damages pursuant to NYGBL §349 in an amount to be determined at time of trial;

(d) reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1692k and NYGBL §349(h); and

(e)     for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
       July 11, 2012.

_____
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com